J-S44017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KOVET SIMPSON | |
| Appellant | No. 1346 EDA 2015 |

Appeal from the PCRA Order Dated May 7, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0001139-2012

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 24, 2016**

Appellant Kovet Simpson appeals from the May 7, 2015 order of the Court of Common Pleas of Lehigh County ("PCRA court"), which denied his request for collateral relief under the Post Conviction Relief Act (the "Act"), 42 Pa.C.S.A. §§ 9451-46.  Upon review, we affirm.

The facts and procedural history underlying this case are uncontested. Briefly, after a jury convicted Appellant of rape, sexual assault, and indecent sexual assault,[1] the trial court sentenced him to eleven to twenty-two years' imprisonment.  A panel of this Court affirmed the judgment of sentence on March 31, 2014.  Appellant did not file a petition for allowance of appeal with our Supreme Court.  On May 1, 2014, Appellant *pro se* filed a PCRA petition.

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3124.1, and 3126(a)(1), respectively.

The PCRA court appointed counsel who eventually filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) and petitioned to withdraw from the case. The PCRA court granted counsel's petition; on September 23, 2014, the court denied Appellant PCRA relief. Although Appellant appealed to this Court, he ultimately discontinued the appeal on March 12, 2015.

On April 1, 2015, Appellant filed the instant, his second, PCRA petition. On April 16, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. On May 7, 2015, the PCRA court dismissed Appellant's second PCRA petition. Appellant timely appealed to this Court.

On appeal,[2] Appellant raises four issues for our review:

[1.] Did the [trial] court err in not allowing [Appellant's] brother, Shaborn Winston to testify regarding facts which would address the motive or bias on the part of the victim to lie and in limiting the cross-examination and impeachment of victim[?]

[2.] Did the [trial] court err in not allowing [Appellant] to present evidence of his injuries and impotence?

[3.] Did the [trial] court err in not allowing evidence of [Appellant's] mental retardation to be presented to the jury?

[4.] Was [prior] PCRA counsel ineffective for failing to pursue the PCRA filed by [Appellant]?

---

[2] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

Appellant's Brief at 7.

Appellant's first three issues implicating evidentiary rulings during trial are waived because he could have raised them prior to conviction. Indeed, under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b); *see* ***Commonwealth v. Ford***, 809 A.2d 325, 329 (Pa. 2002) (holding that petitioner's claims of trial court error, constitutional error, and prosecutorial misconduct, which could have been raised on direct appeal but were not, were waived under the PCRA).

Appellant's last issue is also waived. Here, Appellant raises an ineffectiveness claim challenging his representation by appointed counsel on his first PCRA petition. As noted above, the PCRA court granted counsel's withdrawal motion and denied Appellant PCRA relief. Appellant subsequently appealed to this Court, but then decided to discontinue the appeal.[3] As a result, Appellant now may not resurrect the ineffectiveness claim against appointed counsel on appeal from the denial of his second (instant) PCRA petition. ***See*** 42 Pa.C.S.A. § 9544(b).

Order affirmed.

_____

[3] We observe that Appellant failed to raise an ineffectiveness claim against appointed counsel before the PCRA court during the pendency of his first petition.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/24/2016